IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KILSEY SHEARRILL, # B-79268, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-859-MJR |
| | ) |
| MICHAEL P. ATCHISON, | ) |
| MAJOR HASSEMEYER, | ) |
| RICHARD HARRINGTON, | ) |
| LORI OAKLEY, | ) |
| and BARBARA J. MUELLER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter comes before the Court for review of Plaintiff's First Amended Complaint (Doc. 9), filed in response to this Court's Order of September 18, 2013 (Doc. 7). After a merits review pursuant to 28 U.S.C. § 1915A, the Court dismissed the original complaint for failure to state a claim upon which relief may be granted. Plaintiff was given leave to file an amended complaint to pursue his Eighth Amendment claim that he was subjected to unconstitutional conditions of confinement, which was designated by the Court as Count 3.

In the amended complaint, Plaintiff states that he has been held in an administrative detention cell since September 7, 2012, that had no heat or hot water through the entire winter (Doc. 9, p. 6). Plaintiff became ill several times from having to wash his body with cold water in the cold cell. In addition, the toilet leaked, causing foul odors in the cell, and the plumbing did not function properly for several months. The housing wing was also infested with cockroaches and mice (Doc. 9, p. 14). Many items in Plaintiff's property box were destroyed or

damaged by mice, and the cell was contaminated with mouse feces and the smell of mouse urine. For about 90 days, Plaintiff had to rely on guards to turn the light in his cell on or off, and they often left the light on for hours while Plaintiff was trying to sleep.

Plaintiff claims that Defendants were deliberately indifferent to the health risks he experienced due to these conditions. He filed a formal emergency complaint on December 17, 2012, to Defendant Atchison, who was the warden at that time. Defendant Atchison ruled the complaint was not an emergency, and it was forwarded to the grievance officer (Defendant Oakley) for action. Her response stated that maintenance had been notified and the conditions had been fixed, so Plaintiff's grievance was denied (Doc. 9, pp. 10, 21). However, Plaintiff asserts that the problems were never fixed, and he still lacked heat and hot water.

He filed another emergency complaint on February 14, 2013, to the new warden, Defendant Harrington (Doc. 9, pp. 11, 28). He decided the matter was not an emergency and returned the grievance to Plaintiff, instructing him to go through his counselor. Defendant Oakley again denied the grievance, stating that maintenance had checked the cell and performed any needed repairs, and that a random check of temperatures in the area showed that it was adequately heated (Doc. 9, pp. 29-30). Again, Plaintiff disputes the accuracy of these statements, and claims Defendant Oakley's handling of his grievances was biased (Doc. 9, pp. 12-14).

Defendant Major Hassemeyer (a correctional officer) did not allow inmates in administrative detention to have disinfectant to clean their cells, nor did he allow them to clean the area near their cells (Doc. 9, p. 15). He had acknowledged that there were problems with the conditions in administrative detention, but stated that if inmates did not like the conditions, then they should not do anything that would get them placed there. The complaint indicates that Defendant Hassemeyer was in day-to-day control of the unit where Plaintiff was housed (Doc. 9,

pp. 15-16).

Plaintiff seeks compensatory and punitive damages.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

In evaluating the amended complaint under § 1915A, the Court is required to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal Eighth Amendment claim against Defendant Hassemeyer for subjecting Plaintiff to unconstitutional conditions of confinement in the administrative segregation cell.  However, the complaint does not show that any of the other named Defendants were personally responsible for the alleged unconstitutional conditions.  Therefore, Defendants Atchison, Harrington, Oakley, and Mueller shall be dismissed from the action.

**Defendants Atchison and Harrington**

During Defendant Atchison's tenure as Menard Warden, Plaintiff filed one emergency grievance with him complaining about the conditions in his cell.  Similarly, Plaintiff filed one emergency grievance with Defendant Harrington after he became warden.  In both cases, the grievance was deemed not to be an emergency, and Plaintiff was directed to pursue his complaints up through the normal channels.  Plaintiff does not indicate that he had any further contact with either warden regarding the need to correct the conditions in his cell.  Thus, according to the complaint, the only role Defendants Atchison and Harrington played was to briefly review a grievance filed by Plaintiff and refer it to the designated official for further consideration.  This referral of Plaintiff's grievances does not suffice to show that these Defendants were deliberately indifferent to Plaintiff's plight – to the contrary, they took action

designed to ensure that Plaintiff's complaints were addressed within the established grievance procedure.

The complaint does not suggest that either Defendant Atchison or Harrington was involved personally in any of the misconduct that gave rise to those grievances. In other words, ensuring that the heat and hot water in Plaintiff's cell was in working order, or taking steps to combat vermin infestation, was delegated to Defendant Hassemeyer. As noted in this Court's September 18, 2013, order (Doc. 7), there is no supervisory liability in a civil rights action. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (the doctrine of *respondeat superior* is not applicable to § 1983 actions). In order to be held individually liable, "a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Id.* (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)); *see also Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("public employees are responsible for their own misdeeds but not for anyone else's").

Further, the Seventh Circuit instructs that the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Plaintiff's only claim against Defendants Atchison and Harrington is that they failed to step in to address his grievances on an emergency basis. A Defendant's action or inaction in handling Plaintiff's grievances does not violate the Constitution. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli*, 81 F.3d at 1430. The Constitution requires no procedure at all, and the failure of state prison officials to follow their own

procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

For these reasons, the amended complaint fails to state a deliberate indifference claim against Defendants Atchison or Harrington, and they shall be dismissed from the action without prejudice.

**Defendants Oakley and Mueller**

After Plaintiff's emergency grievances were submitted for routine review, they were next considered by Defendant Oakley in her capacity as grievance officer. Plaintiff complains that she did not investigate all the facts before denying his grievances, and stated incorrectly that repairs had been made to the cell when this had not been done. He also alleges that she was biased against him and merely sided with prison staff when she recommended his grievances be denied.

It is not clear whether Defendant Mueller, a counselor, had any involvement in responding to Plaintiff's grievances. He references Defendant Mueller's responses to another prisoner who complained about the conditions, noting that the pioneers bathed and shaved in the cold without heat, and that the inmate should sleep with his head under his pillow if he did not like the lights being left on (Doc. 9, pp. 11, 36). According to Plaintiff, these unsympathetic responses demonstrate Defendant Mueller's deliberate indifference to his circumstances.

Again, the allegations show that neither Defendant Oakley nor Defendant Mueller was directly responsible for maintaining livable conditions in the segregation cells. Instead, their jobs were to investigate and respond to inmate grievances and complaints. Whether they performed this function with sensitivity or disdain for the plight of the complaining inmate is of no consequence, because they were not personally responsible for the allegedly poor conditions.

As noted above, no liability will attach in a civil rights action unless a defendant is personally responsible for the constitutional deprivation. An official's role in responding to grievances does not constitute the personal involvement necessary to maintain a claim for a civil rights deprivation. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Accordingly, Defendants Oakley and Mueller shall be dismissed from the action with prejudice.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Williams for further consideration.

**Disposition**

**IT IS HEREBY ORDERED** that Defendants **ATCHISON** and **HARRINGTON** are **DISMISSED** from this action without prejudice. Defendants **OAKLEY** and **MUELLER** are **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendant **HASSEMEYER:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as

directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or

give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 15, 2013**

s/ MICHAEL J. REAGAN
United States District Judge